UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEROMY A. BAILEY,

      Petitioner,

v.                                         Case No. 3:22-cv-735-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.
_____

## ORDER

### I. Status

Petitioner Jeromy A. Bailey, an inmate of the Florida penal system, initiated this action on June 29, 2022,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Bailey challenges a 2016 state court (Putnam County, Florida) judgment of conviction for lewd or lascivious molestation of a child under 12 years of age. He raises three grounds for relief. See Petition at 5–8.[2] Respondents have submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Response to Petition (Response; Doc. 7). They also submitted exhibits. See

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Doc. 7-1. Bailey did not file a brief in reply, and briefing closed on August 10, 2023. <u>See</u> Order (Doc. 8). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual

2

> predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Bailey has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See generally Response. The following procedural history is relevant to the one-year limitations issue. On February 15, 2016, the State of Florida charged Bailey by amended information with three counts of sexual battery on a person less than 12 years of age. Doc. 7-1 at 4. On May 13, 2016, Bailey entered a negotiated plea of guilty to lewd or lascivious molestation of a child under 12 years of age, id. at 6–9, and the circuit court subsequently sentenced him to a seventy-five-year term of imprisonment followed by a period of life on probation, id. at 22–28. The First District Court of Appeal (First DCA) per curiam affirmed the

3

conviction and sentence without a written opinion on September 24, 2019, id. at 78, and issued the mandate on October 18, 2019, id. at 80.

As Bailey's conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Fla. R. App. P. 9.030(a)(2), Bailey's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Bailey to file a petition for writ of certiorari expired on Monday, December 23, 2019 (ninety days after September 24, 2019). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Bailey had until December 23, 2020, to file a federal habeas petition. He did not file his Petition until June 29, 2022. Therefore, the Petition is due to be dismissed as untimely unless Bailey can avail himself of the statutory provisions which extend or toll the limitations period.

Bailey immediately tolled the one-year limitations period on October 10, 2019, when he filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 7-1 at 82–90. The circuit court denied relief on July 15, 2020. Id. at 124–27. The First DCA per curiam affirmed the denial of relief without issuing a written opinion on January 26, 2021, id. at 168, and issued the mandate on February 19, 2021, id. at 170. The one-year limitations period began to run the next day, February 20, 2021. With no tolling motion filed, the period ran for 365 days until it expired on February 20, 2022. Bailey filed the instant Petition on June 29, 2022. Given the record, Bailey's Petition is untimely filed and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

Even though the Petition is untimely, Bailey argues in a conclusory manner that he is actually innocent because he pled guilty to a "nonexistent crime or incorrect crime by statute." See Petition at 14. However, Bailey has not provided the Court with any evidence not previously available at the time of his plea that proves or otherwise demonstrates his innocence. As such, his lack of new evidence is fatal to his claim of actual innocence. See House v. Bell, 547 U.S. 518, 537 (2006) (noting a credible claim of actual innocence requires new reliable evidence that was not presented at trial).

5

In addition, Bailey asserts that he has a "major mental disorder that is not being properly treated by state prison officials." Petition at 13. The Eleventh Circuit has held that an allegation of mental incompetency, without a showing of a causal connection between the incompetence and the failure to file a timely application, does not justify equitable tolling. Lawrence v. Florida, 421 F.3d 1221, 1226–27 (11th Cir. 2005), aff'd, 549 U.S. 327 (2007); see Fox v. McNeil, 373 F. App'x 32, 34 (11th Cir. 2010) (per curiam) (finding that petitioner had not met his burden to prove that equitable tolling was appropriate where he had "failed to establish a causal link between his claims of mental incompetence and the untimely filing of his federal habeas corpus petition"). Bailey's bare assertion regarding his untreated mental disorder is insufficient to warrant equitable tolling.

Insofar as Bailey argues his status as an indigent pro se litigant entitles him to equitable tolling, see Petition at 13–14, the Court is not persuaded. The Eleventh Circuit has determined that a habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). And pro se litigants, like other litigants, "are

6

deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Here, Bailey simply has not met the burden of showing that equitable tolling is warranted. He has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Bailey seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Bailey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now **ORDERED:**

1. Respondents' request to dismiss (Doc. 7) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Bailey appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

    **DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/8
c:    Jeromy A. Bailey, #V50418
    Counsel of record